IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## STATE OF TENNESSEE v. CLARENCE EDWARD JOHNSON

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S49, 341-42; S49, 371-73; S49, 647; S49, 739    Phyllis H. Miller, Judge**

—————————————

**No. E2005-00718-CCA-R3-CD - Filed December 15, 2005**

—————————————

The defendant, Clarence Edward Johnson, entered pleas of guilty to four counts of forgery, four counts of identity theft, speeding, failure to provide proof of financial responsibility, two counts of second offense driving on a revoked license, misdemeanor failure to appear, two counts of felony failure to appear, and theft under $500. The trial court imposed an effective sentence of six years of incarceration followed by three years of supervised probation. In this appeal, the defendant asserts that the trial court erred by denying an alternative sentence. The judgments of the trial court are affirmed.

**Tenn R. App. P. 3; Judgments of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Leslie Hale, Blountville, Tennessee, for the appellant, Clarence Edward Johnson.

Paul G. Summers, Attorney General & Reporter; Leslie Price, Assistant Attorney General; and Robert H. Montgomery, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On January 12, 2005, the defendant entered pleas of guilty as a Range II, multiple offender to the following offenses:

| Case Number | Offense | Sentence |
|---|---|---|
| 49,342 | Forgery (4 counts) | 4 years each count |
| 49,342 | Identity Theft (4 counts) | 4 years each count |
| 49,371 | Speeding | 30 days |
| 49,371 | Failure to provide proof of financial responsibility | Payment of costs |

| 49,371 | Driving on revoked, 2nd offense | 11 months, 29 days |
| 49,372 | Driving on revoked, 2nd offense | 11 months, 29 days |
| 49,373 | Misdemeanor failure to appear | 11 months, 29 days |
| 49,647 | Felony failure to appear | 2 years |
| 49,739 | Felony failure to appear | 3 years, suspended |
| 49,341 | Theft under $500 | 11 months, 29 days |

Pursuant to a plea agreement, the trial court ordered that the sentences for forgery, identity theft, speeding, driving on a revoked license, misdemeanor failure to appear, and theft under $500 be served concurrently. The sentences for felony failure to appear were ordered to be served consecutively to each other and to the remaining sentences for an effective sentence of nine years. Also pursuant to the plea agreement, the trial court ordered that the three-year sentence for felony failure to appear be suspended to supervised probation. The plea agreement left the manner of service of the remaining six-year sentence to be determined by the trial court.

At the sentencing hearing, the thirty-seven-year-old defendant testified that he was the father of three sons, each of whom was in the custody of his ex-wife. He contended that he had always provided financial and emotional support to his children and explained that he committed some of the crimes to which he pled guilty in order to provide shoes for his children. The defendant apologized to the victims of the forgery and identity theft crimes and expressed his willingness to provide restitution. He testified that his mother had been recently diagnosed with lung cancer and asked for lenience so that he could take care of her and his fourteen-year-old nephew who also resided with his mother. The defendant blamed the crimes on his addiction to drugs and alcohol and promised to work as a painter if granted a sentence involving release into the community. The defendant also expressed a desire to enter a residential drug and alcohol treatment program, claiming that he had made contact with two possible programs. He acknowledged that he had a pending probation violation charge in Hawkins County and a pending charge for assault. The defendant admitted that in 1999, while in a halfway house, he violated his probation by assaulting another resident.

After determining that the defendant, a Range II, multiple offender, was not entitled to the presumption in favor of an alternative sentence, the trial court denied alternative sentencing. The decision was based upon the defendant's criminal record and his inability to successfully complete sentences involving release into the community.

In this appeal, the defendant asserts that the trial court should have granted an alternative sentence. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls."

State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401 (2003), Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

An alternative sentence is any sentence that does not involve total confinement. See State v. Fields, 40 S.W.3d 435, 442 (Tenn. 2001). As a Range II, multiple offender, the defendant is not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (2003) ("A defendant . . . who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."); see also State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002). Further, because the sentence imposed is less than eight years, the trial court was required to consider probation as a sentencing option. See Tenn. Code Ann. § 40-35-303(b) (2003). The defendant bears the burden of demonstrating his suitability for total probation, see State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by State v. Hooper, 29 S.W.2d 1 (Tenn. 2000), and must demonstrate that probation would "subserve the ends of justice and the best interests of both the public and the defendant," Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Here, the trial court ordered a fully incarcerative sentence based upon the defendant's criminal record and his previous unsuccessful attempts at alternative sentencing in the past. The presentence report establishes that the defendant has fifty-three prior convictions, including convictions for driving under the influence, driving on a revoked license, possession of marijuana, possession of cocaine, possession of drug paraphernalia, public intoxication, assault, various traffic offenses, criminal trespass, burglary of a building, vehicle burglary, and domestic violence. The record also establishes that the defendant has been granted suspended sentences on at least twenty prior occasions and was, in fact, serving a probationary term when he committed the offenses at issue. A probation violation charge and an assault charge were pending against the defendant at the time of the sentencing hearing. While in a halfway house for previous criminal behavior, he committed an assault against another resident. Under these circumstances, it can hardly be said that the trial court abused its discretion by denying alternative sentencing.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE